# JAMES GREENBERG, P.C.
**240 Kent Avenue, Suite B-13**
**Brooklyn, New York 11249**

James K. Greenberg, Esq.　　　　　　　　　　　　　　　　　　　(917)262-0745 *direct dial*
Email: jim@jamesgreenberglaw.com　　　　　　　　　　　　　　(212)545-7337 *voicemail*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(917)591-4999 *fax*

````
````

Seth Harris, Burns & Harris, P.C.
Of Counsel

December 16, 2021

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

　　　　Re: **Jose Sanchez v. United States of American**
　　　　　　**Case Docket #: 20-CV-06535 LJL**

Hon. Judge Wang:

　　　　Your Honor previously granted an extension of expert discovery so that the plaintiff could retain a DRESS expert for trial. I write now because the parties have conferred and are unable to agree on a manner of moving forward in the case and your Honor's intervention appears to be required.

　　　　After due diligence has been expended by our firm to find an expert regarding the DRESS and sequelae claimed by the plaintiff in this matter, the plaintiff has been unable to locate an expert willing to testify against the government.

　　　　Upon careful review of the medical records and our legal file (in the light of this discovery), our firm made the determination that sufficient evidence of the mis-prescription, discovery of the DRESS reaction and the resulting hospitalization at Montefiore Medical Center exists in the plaintiff's medical chart that a fact witness may be called in lieu of an expert witness. Accordingly, we reached out to the government to advise that we intended to call a Montefiore fact witness at the time of trial. However, the government has not consented and objects to same because no specific individual was identified in the plaintiff's Initial Disclosures. The plaintiff identified the hospital generally and "various employees" thereof, but made no mention of specific witnesses he intended to call. That, of course, was because he did not at that time intend to call a fact witness from the hospital, but rather an expert witness as is typical in these kinds of tort matters. The defense claims prejudice despite that plaintiff, in the recent correspondence,

**page 2**
**Greenberg to Hon. Ona Wang**
**Sanchez v. United States of America**

identifies and reserves the right to call two physicians, Peter Dittmar, M.D. and Raffaida Diwan, M.D., at the time of trial.

While we do understand that the government could have chosen to depose those individuals if they had been identified in the plaintiff's earlier disclosures, it seems unlikely that they would have considering that their treatment records (and not expert opinions) are fully contained in the medical chart. Thus, we believe that the claimed prejudice does not exist. On the other hand, the plaintiff's inability to call a witness to describe the gravity of the medical error, the resulting syndrome and the necessity of and nature of the hospital recovery, would severely limit the proof and leave the Court to decide issues of fact and law with an incomplete record.

Accordingly, the plaintiff seeks an order reopening fact discovery for the sole purpose of allowing these witnesses to be identified and for the government to depose the individuals so identified if they choose to do so.

One matter on which the parties do agree is that the case could potentially benefit from a settlement conference and ask jointly that the matter be referred to a Magistrate for that purpose.

Thank you for your consideration of these matters and we look forward to the Court's directives.

Very truly yours,

James K. Greenberg

cc:   Tomoko Onazawa, Esq.