UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

20 Civ. 6535 (OTW)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, on or about August 21, 2020, plaintiff Jose Sanchez ("Plaintiff") filed a Complaint in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, arising out of medical care provided to Plaintiff at the Urban Health Plan, Inc., in Bronx, New York;

WHEREAS, to avoid the risks and burdens of continued litigation, the parties have negotiated a proposed settlement of the Action;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and defendant the United States of America (the "United States"), that the above-captioned action (the "Action") shall be settled and compromised on the following terms and conditions:

1. The Action is hereby dismissed with prejudice, without interest, costs, expenses, disbursements, or fees to any party, except as specified in paragraph 3 of this Stipulation and Order of Settlement and Dismissal (the "Stipulation").

2. The Stipulation shall not constitute an admission of liability or fault on the part of the United States, or any of its present or former departments, agencies, agents, officials, or employees.

3. The United States shall pay to Plaintiff the total sum of FIFTY THOUSAND DOLLARS ($50,000.00) (the "Settlement Amount"). The Settlement Amount shall be in full settlement of any and all claims, demands, rights and causes of action that Plaintiff now has or may hereafter acquire against the United States, or any present or former department, agency, agent, official, or employee of the United States, arising from or related to the facts, events, and circumstances giving rise to the Action, and any claims incident thereto.

4. The Plaintiff stipulates and agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims and demands which either (i) the Plaintiff or (ii) any principals, agents, representatives, heirs, distributees, executors, successors in interest, administrators or assigns of the Plaintiff, may have or hereafter acquire against the United States or any of its present or former departments, agencies, agents, officials, or employees, on account of the events, circumstances or incidents giving rise to this Action and claims incident thereto, including but not limited to any such claims asserted in the Complaint in this Action or any claim for negligence or medical malpractice. Plaintiff hereby releases and forever discharges the United States and any of its present or former departments, agencies, agents, officials, or employees, from any and all claims and liability arising directly or indirectly from the incidents or circumstances giving rise to or referred to in the Action, including but not limited to any claims asserted by the Plaintiff in the Complaint in this Action or any claim for negligence or medical malpractice.

5. Plaintiff understands that any and all applicable federal, state and local taxes and liens will not be withheld from the Settlement Amount. Plaintiff represents and warrants that he shall assume all responsibility for, and shall protect, indemnify, defend and hold harmless the United States, including its present or former departments, agencies, agents, officials, and

employees, from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state or local government or agency thereof, including, but not limited to, workers' compensation liens, medical liens, and federal, state, and local taxes, if any, owed in connection with the payment of the Settlement Amount to Plaintiff.

6. Plaintiff further agrees to protect, indemnify, defend and hold harmless the United States, including its present or former departments, agencies, agents, officials, and employees, from any and all causes of action, claims, rights, or subrogated interests arising directly or indirectly from the facts, events, and circumstances giving rise to this Action, and any claims incident thereto, including any claims brought by Plaintiff's spouse, children, principals, agents, heirs, executors, successors in interest, administrators, or assigns, and other claims arising from the assignment of claims or liens upon the Settlement Amount. Plaintiff further agrees to reimburse or advance, at the option of counsel for the United States, any expense or cost that may be incurred incident to or resulting from such further litigation or the prosecution of claims by Plaintiff against any third party.

7. Settlement of this Action is inclusive of attorney's fees in accordance with 28 U.S.C. § 2678, and all liens, fees, and disbursements are to be satisfied out of the Settlement Amount and not in addition thereto. Pursuant to 28 U.S.C. § 2678, Plaintiff's attorney's fees may not exceed twenty-five percent (25%) of the Settlement Amount.

8. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the parties and entry by the Court of this Stipulation and Order. If not approved and entered by the Court, this Stipulation and Order shall be null and void, with no force or effect.

9. Payment of the Settlement Amount set forth in paragraph 3 of this Stipulation shall be made by the United States, in the amount of $50,000.00, by electronic transfer pursuant to wiring instructions to be provided by Plaintiff's counsel, payable to Jose Sanchez and James Greenberg, P.C., as attorneys for Jose Sanchez.

10. Payment of the Settlement Amount is subject to the availability of sufficient funds in the special account for community health center settlements and judgments to pay the entire Settlement Amount at one time, pursuant to 42 U.S.C. § 233(k).

11. Plaintiff and the United States understand and agree that this Stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

12. Each undersigned representative of Plaintiff and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the party he or she represents to this document.

13. This Stipulation may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and/or PDFs of signatures shall constitute acceptable, binding signatures for purposes of the Stipulation.

Dated: Brooklyn, New York
April ___, 2022

JAMES GREENBERG, P.C.
*Attorneys for Plaintiff*

By: _____
JAMES GREENBERG, ESQ.
240 Kent Avenue, Suite B13
Brooklyn, New York 11249
Telephone: (917) 262-0745
Facsimile: (917) 591-4999
E-mail: jim@jamesgreenberglaw.com

Dated: New York, New York
April  6 , 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States*

By: _____
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686
E-mail: tomoko.onozawa@usdoj.gov

**SO ORDERED:**

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE